UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:22-CV-00597-JHM**

**PETER L. BROWN**                                                                                                                   **PLAINTIFF**

**v.**

**SORT OFC. COLLEY,** *et al.*                                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter L. Brown filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I.**

On November 8, 2022, Plaintiff, a pretrial detainee, initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DN 1]. Plaintiff sues Louisville Metro Government and Louisville Metro Department of Corrections Sort Officer Colley in his individual and official capacities.

Plaintiff states that on September 6, 2022, Colley called Plaintiff for a court appearance at 6:15 a.m. Plaintiff alleges that when he arrived at the door to his living unit, another inmate was waiting to assault him. Plaintiff contends that Colley left both dorm doors open, stood in the middle of the doors, and allowed the other inmate to cross "which violates [Plaintiff's] security risk." The other inmate then struck Plaintiff in his face. Plaintiff also alleges that during the struggle, Colley restrained him causing him to hit his chin, jaw, and left side of his nose on a table. Colley then "placed his knee in [Plaintiff's] chest . . . using all his weight." Plaintiff reports that he initially declined medical attention, but later submitted a request for medical, and the medical staff scheduled an x-ray. Plaintiff filed a grievance against Officer Colley. On September 16,

2022, Officer Michael Montgomery reviewed the grievance and responded, "This incident has been reviewed and look[ed] into by 3rd shift command staff and changes and action to Officers will follow."

Plaintiff alleges that these acts or omissions by Defendants constitute violations of his rights under the "Fourteenth Amendments, deliberate indifference, and . . . Eighth Amendments" to the United States Constitution.  Plaintiff seeks compensatory damages, punitive damages, and injunctive relief of release from detention and expungement of record.

II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be

held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Colley as brought against his employer, Louisville Metro Government.

### B. Louisville Metro Government

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

3

*Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality such as Louisville Metro Government, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Louisville Metro Government. Thus, the Court will dismiss Plaintiff's claim against Louisville Metro Government and his official capacity claim against Colley for failure to state a claim upon which relief may be granted.

C. **Individual-Capacity Claims**

Upon consideration, <u>the Court will allow Fourteenth Amendment claims for deliberate indifference to Plaintiff's safety and for excessive force to proceed against Colley</u>.[1] In allowing

---

[1] Plaintiff states that he is also bringing this claim under the Eighth Amendment. However, the Eighth Amendment's protections apply to convicted prisoners; it is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees. *See Richmond v. Huq*, 885 F.3d 928 (6th Cir. 2018); *Wolfe v. LMDC*, No. 3:22-CV-P183-GNS, 2022 WL 1693722, at *3 (W.D. Ky. May 26, 2022).

4

these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### D. Injunctive Relief

Plaintiff seeks injunctive relief in the form of release from detention and expungement of record. Plaintiff's requests for expungement and release from custody are not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Accordingly, Plaintiff's claims for injunctive relief will be denied for failure to state a claim upon which relief may be granted.

### IV.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's claims against Louisville Metro Government and his official-capacity claims against Colley are **DISMISSED** pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim upon which relief may be granted. Because no claims remain against it, the **Clerk of Court is directed to terminate Louisville Metro Government as a party to this action**.

The Court will enter a Service and Scheduling Order to govern the development of this action.

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

June 22, 2023

cc: Plaintiff, *pro se*
     Defendant Colley
     Jefferson County Attorney
4414.014