UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-597-CRS-RSE

PETER BROWN     PLAINTIFF

v.

SAMUEL COLLEY, *et al*     DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Peter Brown, proceeding *pro se* and *in forma pauperis*, sued corrections officer Samuel Colley and the Louisville Metro Government under 42 U.S.C. § 1983. Brown's claims allege Fourteenth Amendment violations. Specifically, Brown argues that the defendants failed to protect him from another inmate's assault (a deliberate indifference violation) and that Colley used excessive force against Brown when breaking up that altercation. Compl., DN 1. The Court conducted an initial review pursuant to the Prison Litigation Reform Act ("PLRA") and dismissed the claims as against defendants Louisville Metro Government and Samuel Colley in his official capacity but allowed the claims against Colley in his individual capacity to proceed.

This matter is now before the Court on Brown's and Colley's cross motions for summary judgment. DN 40, 43. For the reasons set forth below, the Court will deny Brown's Motion, grant Colley's Motion, and enter a judgment in Colley's favor on both of Brown's claims.

### BACKGROUND

The events giving rise to Brown's allegations are straightforward. On the morning of September 6, 2022, Colley called Brown from his dorm in connection with a need to attend court. Def.'s Aff., DN 43-1, at PageID# 160. At the same time, Colley opened adjacent inmate Marrquan Bigham's door. *Id*. As Brown walked out of his door, Bigham assaulted him. *Id*. Colley broke up the altercation. *Id*. Brown asserts that when Colley did so, he "hit my chin, jaw and left side of my

nose on the table." Compl., DN 1 at PageID# 4. Brown also alleges that Colley placed his knee on his chest, causing him to suffer chest pains, hot flashes, and emotional distress. *Id*. at PageID# 4-5. Based on these allegations, Brown filed a grievance with LMDC. He asserted a claim for failure to protect but did not assert an excessive force claim. Grievance, DN 43-2. This lawsuit followed.

## **LEGAL STANDARD**

When a court reviews cross-motions for summary judgment, each motion must be evaluated on its own merits. *Lenning v. Com. Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). The party seeking summary judgment bears the burden of informing the Court of the basis for the motion and must specify the portions of the record that support their claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A movant seeking summary judgment may point out "to the district court that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325 (citation modified); Fed. R. Civ. P. 56(c)(1)(B). Doing so shifts the burden of proof to the non-movant who "'must set forth specific facts showing that there is a genuine issue for trial.'" *Pittman v. Experian Information Sols., Inc.*, 901 F.3d 619, 628 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "When plaintiffs do not provide competent evidence to the court supporting their claims at the proper time, summary judgment is appropriate." *Jackim v. Sam's East*, Inc., 378 F. App'x 556, n.5 (6th Cir. 2010) (unpublished) (citing Fed. R. Civ. P. 56). Finally, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## ANALYSIS

### I. Brown's Summary Judgment Motion

Brown has failed to carry his burden of proof under Federal Rule of Civil Procedure 56. In particular, Brown failed to set forth specific facts "sufficient to establish the existence of an element essential to" his claims on which he would bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. In fact, Brown's Motion seeks relief in a single sentence: "Pro se Plaintiff Peter L. Brown asks the honorable Judge to grant motion for Rule 56 Summary Judgement [sic]." Pl. Mot. Summ. J., DN 40. Because Brown's Motion for summary judgment contained only this conclusory request for relief, the Court will deny his motion.

### II. Colley's Summary Judgment Motion

Colley moved for summary judgment on both of Brown's claims. First, he seeks a judgment on the excessive force claim because Brown failed to exhaust it as required by the PLRA, 42 U.S.C. § 1997e(a). Second, he argues that Brown has failed to carry his burden of proof with respect to the failure to protect claim. This failure, according to Colley, also entitles him to qualified immunity. Def. Mot. Summ. J., DN 43. Brown has not responded Colley's Motion. As a result, Brown has waived any opposition to Colley's arguments. *See Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"). At the same time, Colley has presented sufficient record evidence to support his arguments for a judgment in his favor. As a result, the Court will grant Colley's Motion.

**A. Excessive Force Claim**

Colley contends that although Brown submitted a grievance to the LMDC, he failed to include any details regarding Colley's alleged excessive force and thus this claim is barred by the PLRA. Def. Mot. Summ. J., DN 43, at PageID# 152. The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because compliance with the PLRA is mandatory, judicial discretion is foreclosed. *Ross v. Blake*, 578 U.S. 632, 639 (2016). This means that the court must dismiss a plaintiff's claim if it has not been exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Further, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 93 (2006). To properly exhaust a claim, a would-be plaintiff must strictly comply with the relevant prison's grievance process. *Id*. at 93-94.

Colley established that LMDC's grievance policy requires inmates to include "all aspects of the issue[.]" LMDC Grievance Policy, DN 43-3 at PageID# 168. Brown's grievance only contained allegations of Colley's conduct related to opening the dorm doors and the resulting assault by Bigham. Grievance, DN 43-2 at PageID# 163. It did not include any factual assertions that suggested Colley used excessive force against him during the incident or any reference to such a claim. Thus, Brown failed to comply with the LMDC's policy and thus failed to exhaust his excessive force claim, and the Court will grant a judgment in favor of Colley on this claim.

**B. Failure to Protect Claim**

A prison official has a duty to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984). In particular, prison officials must protect prisoners from violence at the hands of one another. *Farmer*, 511 U.S. at 833. In cases

where a prison official fails to do so, an inmate may sue that official for injuries suffered while in custody under either the Eighth Amendment (for convicted inmates), or like Brown has done here, under the Fourteenth Amendment's Due Process Clause (for pretrial detainees). *See Bell v. Wolfish*, 441 U.S. 520, 537; *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (citations omitted).

But not every injury "suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834 (citation modified). To succeed on a failure to protect claim, a plaintiff must establish: 1) the defendant made an intentional decision regarding the conditions under which the plaintiff was confined; 2) those conditions put the plaintiff at substantial risk of suffering serious harm; 3) the defendant did not take reasonable available measures to abate that risk; and 4) the defendant's failure to take such measures caused the plaintiff's injuries. *Westmoreland v. Butler County*, 28 F.4th 721, 728-29 (6th Cir. 2022). Together, the first two elements require a plaintiff to demonstrate that the defendant acted in an intentional manner "with respect to the conditions under which the plaintiff was confined" and that those conditions posed "a substantial risk of [suffering] serious harm" to the plaintiff. *Westmoreland* 28 F.4th at 729. In other words, the defendant must have created a condition in the prison that puts the plaintiff's safety at risk.

In the context of Brown's failure to protect claim, that risk is bodily harm from another inmate. To state such a claim, Brown must show that Bigham posed some danger to Brown. *See, e.g., Buetenmiller v. Macomb County*, 53 F.4th 939, 945-46 (6th Cir. 2022) (concluding failure to establish the first element when the plaintiff did not inform the prison official that she was in danger); *Walker v. Carbor*, No. 24-cv-11093, 2024 WL 2788398, at *3 (E.D. Mich. May 30, 2024) (dismissing plaintiff's failure to protect claim because plaintiff did "not allege that these inmates

5

had previously assaulted or threatened him," or that "he informed prison authorities that these inmates posed a danger to him"). Colley asserts that the record in this case is devoid of any evidence suggesting that Colley should have recognized that Bigham posed a danger to Brown such that simultaneously opening their dorm doors would put Colley's safety at risk. Colley's unrebutted affidavit asserts that he was "unaware of any information that inmate Bigham was a threat to inmate Brown's safety." Def.'s Aff., DN 43-1 at PageID# 160. Brown has not rebutted Colley's affidavit. Thus, there is no record evidence to suggest that contrary to his affidavit, Colley was aware that Bigham posed any risk of safety to Brown.

Moreover, the record contains nothing to suggest that opening two dorm doors at the same time placed Brown in substantial risk of harm. Colley's affidavit establishes that this practice is not prohibited by LMDC, nor has it never resulted in an assault until this incident occurred. *Id*. This unrebutted testimony provides a proper basis on which to conclude that the practice of opening two dorm doors does not automatically create a personal safety risk.

In sum, there is no evidence before the Court that Colley knew Bigham was a risk to Brown, nor that Colley placed Brown in substantial risk of harm by opening both of their dorm doors at the same time. As a result, the Court will grant judgment in favor of Colley on this issue.

## C. Qualified Immunity

Qualified immunity "shields government officials from 'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A qualified immunity analysis requires satisfaction of two prongs: (1) Whether "the facts alleged show the officer's conduct violated a constitutional right" and (2) "whether the right was clearly established." *Saucier v. Katz*, 533 U.S.

6

194, 201 (2001). As noted above, the record lacks any evidence to show that Colley's conduct violated Brown's constitutional rights. And it follows that if Colley did not violate Brown's constitutional rights, he could not have violated a clearly established one. As a result, Colley is correct; he is entitled to qualified immunity.

## **CONCLUSION**

Brown failed to carry his required burden of proof to succeed on his Motion for Summary Judgment (DN 40). By contrast, Colley has shown that (1) Brown failed to exhaust his excessive force claim and (2) has not provided record evidence necessary to establish a failure to protect claim. As a result, by a separate Order and Judgment, the Court will deny Brown's Motion for Summary Judgment, grant Colley's Motion for Summary Judgment Motion, and enter a judgment in Colley's favor on all claims.

October 10, 2025

Charles R. Simpson III, Senior Judge
United States District Court